Filed 8/4/22  P. v. Aversa CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ADAM AVERSA,<br><br>    Defendant and Appellant. | E077438<br><br>(Super.Ct.No. 16CR063347)<br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

The opinion in this matter, filed on July 22, 2022, is modified as follows:

1.  On page 3, in the second sentence of the last paragraph, insert the word "former" between the words "added" and "section," so the sentence now reads:

> The bill took effect on January 1, 2022, and added former section 1171.1 to the Penal Code.

2.  On page 4, in the third line from the top, before the sentence that begins "Section 1171.1 provides," insert the following sentence:

> The Legislature recently renumbered former section 1171.1—it is now section 1172.75.  (Stats. 2022, ch. 58, § 12, effective June 30, 2022.)

1

3. In the last line on page 4, after the word "enacted," insert the words "the resentencing statute" and delete the words "section 1171.1," so the sentence now reads:

> Moreover, when the Legislature enacted the resentencing statute, its uncodified findings and declarations specified its intent that "any changes to a sentence as a result of [Senate Bill 483] . . . shall not be a basis for a prosecutor or court to rescind a plea agreement."

4. Except for the two new references to "former section 1171.1," throughout the opinion, change all references to section 1171.1 to section 1172.75.

These modifications do not change the judgment. (Cal. Rules of Court, rule 8.264(c)(2).)

MENETREZ_____
Acting P. J.

2

Filed 7/22/22  P. v. Aversa CA4/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077438 |
| v. | (Super.Ct.No. 16CR063347) |
| ADAM AVERSA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Reversed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Steve Oetting, Assistant Attorney General, Warren J. Williams, and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

Adam Joseph Aversa appeals from an order denying his motion to modify his sentence. Aversa argues that the trial court must resentence him because recent legislation invalidated enhancements that the court imposed under Penal Code section 667.5, subdivision (b). (Unlabeled statutory citations refer to the Penal Code.) The People concede that Aversa is entitled to resentencing. We agree with the parties, reverse the order denying Aversa's motion to modify his sentence, and remand for resentencing.

BACKGROUND

In January 2017, Aversa pled no contest to second degree robbery (§ 211), admitted personally using a deadly weapon (§ 12022, subd. (b)(1)), and admitted serving two prior prison terms under former section 667.5, subdivision (b). One prior prison term involved a 2002 conviction for shooting at an inhabited dwelling (§ 246); the other prior prison term involved a 2008 conviction for possession of a firearm by a felon (former § 12021, subd. (a)(1)). In accordance with the plea agreement, the court dismissed other enhancement allegations. The court placed Aversa on probation for five years.

Roughly one year later, the People filed a felony complaint alleging that Aversa had committed first degree residential burglary (§ 459). In June 2018, Aversa pled no contest to first degree burglary, and the court dismissed a number of related enhancement allegations. Aversa also admitted violating the terms of probation in his robbery case, and the court revoked probation. Pursuant to a plea agreement, the court sentenced Aversa to eight years in prison in the robbery case, consisting of the upper term of five years for robbery, one year for the deadly weapon enhancement, and one year for each of

2

the two prior prison term enhancements.  In the burglary case, the court sentenced him to a consecutive term of 16 months in prison (one-third the middle term of four years).  The court thus sentenced Aversa to an aggregate prison term of nine years and four months.

Aversa moved to modify his sentence in May 2021.  In relevant part, he argued that Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) required the court to strike his prior prison term enhancements.  The court summarily denied the motion.

DISCUSSION

Aversa and the People agree that the trial court should recall his sentence and resentence him in light of two recent pieces of legislation:  Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483) and Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567).  We agree with the parties.

When the court sentenced Aversa in June 2018, former section 667.5, subdivision (b), imposed a one-year enhancement for each prior prison term or county jail felony term, except under specified circumstances not relevant here.  (*People v. Smith* (2020) 46 Cal.App.5th 375, 396.)  Effective January 1, 2020, Senate Bill 136 amended the statute by limiting the prior prison term enhancement to prior terms for sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

Senate Bill 483 made the changes implemented by Senate Bill 136 retroactive. (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 of the 2019-20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].)  The bill took

3

effect on January 1, 2022, and added section 1171.1 to the Penal Code. (Stats. 2021, ch. 728, § 3; *People v. Camba* (1996) 50 Cal.App.4th 857, 865 [statutes enacted during the Legislature's regular session generally become effective on January 1 of the following year].) Section 1171.1 provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1171.1, subd. (a).)

Section 1171.1 also gives defendants a remedy for those legally invalid enhancements. The Department of Corrections and Rehabilitation (CDCR) and the county correctional administrator must identify individuals currently serving terms that include the invalidated enhancement. (§ 1171.1, subd. (b).) The officials must provide the sentencing courts with the names of those individuals, along with their dates of birth and the relevant case or docket numbers. (*Ibid.*) "Upon receiving the information," if the court determines that a judgment includes an invalidated enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1171.1, subd. (c).)

In resentencing the defendant, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1171.1, subd. (d)(2).) The resentencing "shall not result in a longer sentence than the one originally imposed." (§ 1171.1, subd. (d)(1).) Rather, it "shall result in a lesser sentence . . . , unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger

4

public safety." (*Ibid.*) Moreover, when the Legislature enacted section 1171.1, its uncodified findings and declarations specified its intent that "any changes to a sentence as a result of [Senate Bill 483] . . . shall not be a basis for a prosecutor or court to rescind a plea agreement." (Stats. 2021, ch. 728, § 1.)

Section 1171.1 sets deadlines for the identification and resentencing of eligible defendants. (§ 1171.1, subds. (b)(1)-(2), (c)(1)-(2).) The correctional officials must identify eligible defendants by March 1 or July 1, 2022, depending on how much of the sentence the defendant has served. (§ 1171.1, subd. (b)(1)-(2).)

As for "other changes in law that reduce sentences" (§ 1171.1, subd. (d)(2)), Senate Bill 567 recently effected such changes. (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464 (*Lopez*) [noting that Senate Bill 567 made "significant changes" and took effect on January 1, 2022].) The legislation amended section 1170, subdivision (b), "to make the middle term the presumptive sentence for a term of imprisonment." (*Lopez*, at p. 464.) That is, when a statute prescribes a sentencing triad, the court may impose a sentence exceeding the middle term only if there are aggravating circumstances and either (1) the defendant has stipulated to "the facts underlying those circumstances," (2) the jury has found those facts true beyond a reasonable doubt, or (3) the court has found those facts true beyond a reasonable doubt in a bench trial. (§ 1170, subd. (b)(2).) But "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3); Cal. Rules of Court, rule 4.421(b)(2) [aggravating

5

circumstances for sentencing purposes include prior convictions that "are numerous or of increasing seriousness"].)

In this case, the court imposed two one-year enhancements under former section 667.5, subdivision (b), but the enhancements are now "legally invalid." (§ 1171.1, subd. (a).) Aversa served the prior prison terms for shooting at an inhabited dwelling and possessing a firearm as a felon. Those are not sexually violent offenses. (*Ibid.*; Welf. & Inst. Code, § 6600, subd. (b).) The trial court correctly denied his motion to modify his sentence in May 2021 because Senate Bill 483 was not yet the law. But the legislation took effect while this appeal was pending, and there is no dispute that Aversa is entitled to resentencing under section 1171.1. The CDCR should have already informed the trial court of Aversa's eligibility for resentencing. Correctional officials had until July 1, 2022, to identify eligible individuals. (§ 1171.1, subd. (b)(2).)

Given Aversa's undisputed eligibility for resentencing, we reverse the order denying his motion to modify his sentence. On remand, the court shall recall Aversa's sentence and resentence him consistent with section 1171.1. Among other things, the court must apply any other relevant, ameliorative changes in the law (§ 1171.1, subd. (d)(2)), including Senate Bill 567's changes to section 1170, subdivision (b). The People may proceed under the new law by endeavoring to prove aggravating circumstances beyond a reasonable doubt (§ 1170, subd. (b)(2)), or they "may accept resentencing on the record as it stands." (*Lopez*, *supra*, 78 Cal.App.5th at p. 468.)

DISPOSITION

The order denying Aversa's motion to modify his sentence is reversed.  On remand, the trial court shall recall his sentence and resentence him under section 1171.1.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
       Acting P. J.

RAPHAEL
       J.